**Exhibit 1**

**BEUS GILBERT** PLLC
ATTORNEYS AT LAW
701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008-6504
TELEPHONE (480) 429-3000

AIG Property Casualty
Claims Legal

**DEC 0 3 2013**

**RECEIVED**

STATE OF ARIZONA
DEPT. OF INSURANCE

NOV 1 8 2013

TIME 3 · 20pm
SERVICE OF PROCESS

RECEIVED

AIG Commercial Insurance
Law Department

Leo R. Beus/002687
Timothy J. Paris/006234

Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| AMERCO, | Case No.: CV2013-015274 |
| Plaintiff, | **SUMMONS** |
| vs. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pa, | |
| Defendant. | |

THE STATE OF ARIZONA TO THE DEFENDANT

        NATIONAL UNION FIRE INSURANCE
        COMPANY OF PITTSBURGH, Pa

        YOU ARE HEREBY SUMMONED and required to appear and defend, within the

time applicable, in this action in this court.

        If served within Arizona, you must appear and defend within twenty (20) days after

the service of the Summons, Complaint, and Certificate of Compulsory Arbitration upon

you, exclusive of the day of service. If served out of the State of Arizona, whether by direct

service, by registered or certified mail, or by publication, you shall appear and defend within thirty (30) days after the service of the Summons, Complaint, and Certificate of Compulsory Arbitration upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of forty (40) days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of receipt by the party being served. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4, 4.1, 4.2 and 12(a).

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. Arizona Rules of Civil Procedure, Rules 5, 10; A.R.S. § 12 311.

Copies of the pleadings filed herein may be obtained by contacting the Clerk of Superior Court, Maricopa County, located at 201 West Jefferson, Phoenix, Arizona.

BGD-#170586-v1-Summons.DOCX

2

1    Requests for reasonable accommodation for persons with disabilities must be made to

2    the division assigned to the case by parties at least three (3) judicial days in advance of a

3    scheduled court proceeding.    Local Rules of Practice for the Superior Court, Maricopa

4    County, Rule 2.5(c).

5            a.    **The name and address of Plaintiffs' attorney is:**

6        Leo R. Beus
7        Timothy J. Paris
         Beus Gilbert PLLC
8        701 North 44th Street
         Phoenix, Arizona 85008
9
10       SIGNED AND SEALED this date: _____ NOV - 7 2013 .

11                                  _____

12                                  **CLERK OF THE COURT**
                                    **MARICOPA COUNTY SUPERIOR COURT**
13

14                                  By:_____
                                       Deputy Clerk
15

    METHOD OF SERVICE:
16  ___ Private Process Service
    ___ Sheriff or Marshall
17  ___ Personal Service
    ___ Registered/Certified Mail (out-of-state)
18

19

20

21

22

23

24

25

BGD-#170586-v1-Summons.DOCX

3

**BEUS GILBERT** PLLC
ATTORNEYS AT LAW
701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008-6504
TELEPHONE (480) 429-3000

Leo R. Beus/002687
Timothy J. Paris/006234

Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| AMERCO, | Case No.: CV2013-015274 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | |
| Defendant. | |

AMERCO, by and through undersigned counsel, brings this complaint against National Union Fire Insurance Company of Pittsburgh, Pa, and alleges as follows.

## I.    PARTIES, JURISDICTION AND VENUE.

1.    AMERCO is a Nevada corporation. AMERCO is a holding company whose best-known subsidiary is U-Haul International, Inc. ("UHI"), whose headquarters and principal place of business is at 2721 North Central Avenue, Phoenix, Arizona.

2.    National Union Fire Insurance Company of Pittsburgh, Pa ("NUF") is a Pennsylvania corporation, with its principal place of business in New York, New York.

BGD:#164022-v1-Complaint.DOCX

NUF wrote a policy of director and officer liability insurance, denominating AMERCO as the insured company, and providing coverage for AMERCO, its officers and directors and subsidiaries as more fully described below. NUF has written policies of insurance in Arizona and/or for Arizona insureds, including the plaintiff herein, AMERCO.

## II.    THE NUF DIRECTOR AND OFFICER LIABILITY POLICY.

3.    Prior to 2002, AMERCO purchased certain director and officer liability insurance consisting of one primary and two excess layers. The excess policies "follow form" over the primary policy, adopting the policy's definitions and material terms, except as otherwise specifically provided in each excess policy. Subject to their various terms, conditions, limitations and exclusions, the D&O policies insure AMERCO, the directors and officers and subsidiaries of AMERCO against certain claims. Those policies are with the following carriers (collectively, the "Insurers"):

(a)    Layer 1: NUF -- $15,000,000 primary policy (the "Policy");

(b)    Layer 2: Arch Special Insurance Company ("Arch") -- $10,000,000 excess policy;

(c)    Layer 3: Liberty International Underwriters ("Liberty") -- $5,000,000 excess policy.

4.    The D&O policies provide two forms of coverage to the Insureds: (1) "Coverage A: Directors and Officers Insurance." Under Coverage A, the Policy pays the loss of each and every director or officer of the company arising from a claim made against them during the Policy period and reported to the Insurer pursuant to the terms of the Policy, for any actual or alleged wrongful act in their capacities as directors or officers of the

2

company, except to the extent that the company, AMERCO, has indemnified the directors and officers.  Under Coverage A of the Policy, the Insurers are to advance Defense Costs of any such Claim, as such costs are defined in the Policy.

5.    Under "Coverage B:  Corporate Liability Insurance" of the Policy, NUF is to pay for "the loss of the Company arising from a:  (i) securities claim first made against the company, or (ii) a claim first made against the directors and officers, during the Policy period, for any actual or alleged wrongful act.  However, in the case of (ii) above, the Policy pays the loss of the Company only when, and to the extent, that the Company has indemnified the directors or officers for such loss pursuant to law, contract or the charter or bylaws of the company.  As in the case of Coverage A, under Coverage B, the Insurer is required to advance Defense Costs of any such claim as they are incurred.

6.    The Policy further defines "Claim" to mean, and include a civil complaint for monetary relief.  "'Defense Costs' means reasonable and necessary fees, costs and expenses consented to by the Insurer ... resulting solely from the investigation, adjustment, defense and appeal of a Claim against the Insured, ... ."  Further, "Loss" is defined to include damages, judgments, settlements and Defense Costs.

III.    **THE UNDERLYING LITIGATION.**

7.    Beginning in or about October 2002, five shareholder derivative actions were filed in the Nevada state court, as follows:

(a)    *Glenbrook Capital, LP, etc. v. SAC Holding Corp.* (Second Judicial District Court, State of Nevada, County of Washoe, No. CV03-02482);

(b)    *Alan Kahn, etc. v. SAC Holding Corp., et al.* (Second Judicial District Court, State of Nevada, County of Washoe, No. CV03-02617);

(c)    *M.S. Management Co., Inc., etc. v. Carty, et al.* (Second Judicial District Court, State of Nevada, County of Washoe, No. CV03-00386);

(d)    *Ron Belec, etc. v. Carty, et al.* (Second Judicial District Court, State of Nevada, County of Washoe, No. CV02-06331); and

(e)    *Paul F. Shoen, etc. v. SAC Holding Corp.* (Second Judicial District Court, State of Nevada, County of Washoe, No. CV02-05602) (hereinafter, collectively, the "State Court Shareholder Derivative Actions").

8.    On or about February 11, 2003, counsel for plaintiff in the *Belec* action, described above, filed a motion to consolidate that case with the *M.S. Management Co.* case. However, on or about February 24, 2003, before the motion to consolidate could be heard, the Nevada state court consolidated all of the then-pending Nevada State Court Shareholder Derivative Actions on its own motion. Those actions were the *Shoen*, *Belec* and *M.S. Management* actions. At the same time, the court ruled that it did not have the power to merge the complaints or the claims for relief pursuant to its own motion. Instead, the court offered plaintiffs leave to amend to file a consolidated complaint on the express condition that two of the three consolidated actions be voluntarily dismissed.

9.    On or about May 5, 2003, plaintiffs submitted a consolidated complaint to the Nevada state court which purported to combine the claims asserted in all of the then-pending Nevada State Court Shareholder Derivative Actions. However, plaintiffs did not voluntarily dismiss any of the State Court Shareholder Derivative Actions. Rather, on May 8, 2003, the

4

court granted the defendants' motions to dismiss the *Shoen* first amended complaint, simultaneously dismissed the consolidated complaint on the same grounds, and dismissed all five of the State Court Shareholder Derivative Actions. Plaintiffs subsequently appealed that decision. On or about 13 July 2006, the Nevada Supreme Court reversed the lower court's dismissal order and ruled that Plaintiffs "should be afforded leave to newly amend and file their complaint(s), ... ."

## IV.    NUF DENIES ITS OBLIGATIONS UNDER THE POLICY.

10.    On or about 2 December 2002, NUF denied coverage to AMERCO in its defense of the *Shoen* action.

11.    On or about 26 March 2003, NUF, through its counsel, unequivocally denied coverage to AMERCO in its defense of the *Belec*, *M.S. Management* and *Shoen v. SAC Holdings* Nevada State Court Shareholder Derivative Actions.

12.    In a letter from NUF's counsel dated 26 March 2003, NUF took the position that:

(a)    Coverage for the *Shoen v. SAC Holdings* action was excluded under the "Insured v. Insured" exclusion contained in Policy Exclusion 4(i) and the overlapping "Family Exclusion" contained in Endorsement 13 of the Policy; and

(b)    Coverage for the *Belec* and *M.S. Management Co.* actions was excluded under subparagraph (2) of the "Family Exclusion" contained in Endorsement 13.

13.    Exclusion 4(i) of the Policy provides:

The insurer shall not be liable to make any payment for Loss in connection with a Claim made against an Insured: ... which is brought by any Insured or by the Company; or which is brought by any security holder of the Company, whether directly or

5

BGD-#164022-v1-Complaint.DOCX

derivatively, unless such security holder's claim is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or active participation of, or intervention of, any Insured or the Company; provided, however this exclusion shall not apply to a wrongful termination of employment Claim brought by a former employee other than a former employee who is or was a Director of the Company.

14.     Endorsement 13 of the Policy, the so-called "Family Exclusion" provides in pertinent part:

In consideration of the premium charged, it is hereby understood and agreed that the Insurer shall not be liable for any Loss in connection with any Claim(s) made against any Insured(s) which are brought by:

(1)    Any member of the Shoen family; or

(2)    Which are brought by any security holder of the Company, whether directly or derivatively, unless such Claim(s) is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or active participation of, or intervention of any Family member described in paragraph (1) above ... .

15.     In denying coverage to AMERCO, NUF, through its counsel, wrote: "We have reviewed the dockets of the Belec, Shoen and M.S. Management matters and it appears that these matters have all been consolidated under the Shoen matter (referred to herein as the 'Consolidated Action'). Therefore, it appears that the Consolidated Action is being brought with the assistance of, active participation of and intervention of a member of the Shoen Family." Thus, NUF denied coverage to AMERCO solely on the basis of the exclusions described above and the mere fact of the Nevada court's *sua sponte* consolidation of the Nevada State Court Shareholder Derivative Actions.

16.     Despite repeated requests by plaintiff that NUF meet its obligations under the Policy, NUF has consistently failed and refused to indemnify plaintiff, or to acknowledge

6

any obligation to indemnify plaintiff for Defense Costs or for any legal fees, costs and expenses incurred in defending the Nevada State Court Shareholder Derivative Actions.

17.    The Nevada State Court Shareholder Derivative Actions were settled in 2012. As a result of that settlement, AMERCO was not required to pay any sum to the plaintiffs in the Nevada State Court Shareholder Derivative Actions.

18.    However, in defending the Nevada State Court Shareholder Derivative Actions, AMERCO was required to expend in Defense Costs for legal fees, costs and expenses in an amount not less than $9,000,000.

19.    Despite demand having been made by AMERCO on NUF that it be reimbursed under the Policy, NUF has failed and refused to pay all or any portion of said amount and has failed and refused to acknowledge any obligation under the Policy to reimburse any portion of the Defense Costs or the legal fees, costs and expenses incurred by AMERCO in defending the Nevada State Court Shareholder Derivative Actions.

## V.    COUNTS AND CAUSES OF ACTION.

### COUNT I
### (Breach of Contract)

20.    Plaintiff incorporates herein all of the foregoing paragraphs of this Complaint.

21.    The NUF Policy is a contract of insurance between NUF, on the one hand, as Insurer, and AMERCO and AMERCO's directors and officers and subsidiaries on the other hand, as Insureds.

22.    AMERCO paid valuable consideration for the NUF Policy, its extensions and renewals, including the payment of more than $2,000,000 in premiums for the insurance coverage provided by NUF pursuant to the NUF Policy.

BGD-#164022-v1-Complaint.DOCX

23.    AMERCO has performed all of its obligations to be performed under the contract, the NUF Policy.

24.    Defendant NUF breached the contract of insurance by failing and refusing to indemnify the Insureds, including plaintiff AMERCO, as provided in the NUF Policy.

25.    NUF has failed and refused to acknowledge its obligations under the contract of insurance (the NUF Policy) and has failed and refused to pay any monies to AMERCO.

26.    As a result of NUF's breach of contract, plaintiff has sustained damages in an amount to be determined at trial.

## COUNT II
### (For Declaratory Relief Against NUF)

27.    Plaintiff incorporates herein all of the foregoing paragraphs of this Complaint.

28.    Plaintiff AMERCO is, and was at all relevant times herein, an Insured under the contract of insurance issued by NUF.

29.    Despite repeated demands by AMERCO, NUF has positively and unequivocally denied any coverage under the NUF Policy to AMERCO or any of its officers and directors under the NUF Policy, in connection with the Nevada State Court Shareholder Derivative Actions.

30.    Even though four of the five Nevada State Court Shareholder Derivative Actions were brought by parties unrelated to any member of the Shoen family, NUF has denied coverage to AMERCO on the basis of Exclusion 4(i) of the Policy, the so-called "Insured v. Insured" exclusion, and on the basis of Endorsement No. 13 of the NUF Policy, the "Family Exclusion."

8

BGD-#164022-v1-Complaint.DOCX

31.    AMERCO has disputed NUF's reasons for denying coverage under the NUF Policy, and has asserted that the Insured v. Insured exclusion and the "Family Exclusion" do not apply to four of the five Nevada State Court Shareholder Derivative Actions and, as a result, AMERCO is entitled to recover at least 80% of the Defense Costs and the legal fees, costs and expenses incurred in defending the Nevada State Court Shareholder Derivative Actions.

32.    Because NUF has denied coverage to AMERCO under the NUF Policy, despite the demand of AMERCO for coverage, there currently exists a justiciable controversy between, on the one hand, AMERCO, and, on the other hand, NUF.

33.    This controversy can be resolved only by the Court's interpretation of the force and effect of the "Insured v. Insured" exclusion and "Family Exclusion" set forth in the NUF Policy.

## COUNT III
### (Bad Faith)

34.    In denying the claim of AMERCO for coverage under the NUF Policy, NUF has acted in bad faith in that, *inter alia*:

(a)    NUF intentionally denied AMERCO'S claim without a reasonable basis for denying it;

(b)    NUF failed to fully investigate the claim made against AMERCO in the Nevada State Court Shareholder Derivative Actions, despite being fully aware of those actions since, at least, October 2002;

(c)    Despite several requests by counsel for AMERCO, NUF failed and refused to process AMERCO's claim in a reasonable fashion;

9

(d)     Despite repeated requests by AMERCO, and counsel for AMERCO, NUF failed and refused to respond at all to certain requests for indemnification, in breach of its duties as Insurer;

(e)     In acting as described hereinabove, the Insurer, NUF, placed paramount importance on its own interests and failed to give consideration to the interests and welfare of its Insured, AMERCO.

35.     In acting as described in the preceding paragraph, NUF acted unreasonably in that it either knew its conduct was unreasonable or acted with reckless disregard that such knowledge should, as a matter of law, be imputed to it.  In addition, NUF either knew or recklessly disregarded the fact that it did not have a reasonable basis for denying the coverage claim of AMERCO.

36.     In acting as described hereinabove, NUF damaged AMERCO in an amount to be determined at trial but in no event less than five times the amount of the total Defense Costs, legal fees, costs and expenses incurred by AMERCO in defending the Nevada State Court Shareholder Derivative Actions.

## VI.    PRAYER FOR RELIEF.

37.     WHEREFORE, the plaintiff, AMERCO, prays that this Court enter judgment against defendant NUF as follows:

(a)     For all appropriate damages including, without limitation, damages in an amount equal to the Defense Costs, legal fees, costs and expenses incurred by AMERCO in defending the Nevada State Court Shareholder Derivative Actions;

BGD-#164022-v1-Complaint.DOCX

10

(b)    For declaratory relief, resolving all coverage issues between and among the parties, including the obligation of NUF to indemnify its Insured;

(c)    For costs of suit herein incurred, including reasonable attorneys' fees and prejudgment interest;

(d)    For punitive damages; and

(e)    For such other and further relief as the Court deems just and proper.

DATED this 7th day of November 2013

BEUS GILBERT PLLC

By _____
Leo R. Beus
Timothy J. Paris
701 North 44th Street
Phoenix, AZ 85008-6504
Attorneys for Plaintiff

BGD-#164022-v1-Complaint.DOCX

11

**BEUS GILBERT** PLLC
ATTORNEYS AT LAW
701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008-6504
TELEPHONE (480) 429-3000

Leo R. Beus/002687
Timothy J. Paris/006234

Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| AMERCO,<br><br>          Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH, Pa,<br><br>          Defendant. | Case No.:   CV2013-015274<br><br>**CERTIFICATE ON COMPULSORY<br>ARBITRATION** |

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs exceeds the limits set by the Local Rules of this Court for compulsory arbitration, and further certifies that this case is not subject to compulsory arbitration, as provided by Rules 72, *et seq.* of the Arizona Rules of Civil Procedure.

BGD-#170588-v1-Certificate_on_Compulsory_Arbitration.DOCX

DATED this 7th day of November, 2013.

BEUS GILBERT PLLC

By _____

Leo R. Beus
Timothy J. Paris
701 North 44th Street
Phoenix, AZ  85008-6504
Attorneys for Plaintiff

BGD-#170588-v1-Certificate_on_Compulsory_Arbitration.DOCX

Beus Gilbert PLLC
4800 N Scottsdale Rd
Suite 6000
Scottsdale, AZ 85251
(480) 429-3000

NOV 20 2013    FILED 8-46am

MICHAEL K. JEANES, Clerk

By _____
Deputy

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

AMERCO,

                                        Plaintiff,          Case Number: CV2013-015274

        vs.                                                 AFFIDAVIT OF SERVICE

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, Pa.,

                                        Defendant.

Received by HOT SHOT DELIVERY INC. on the 18th day of November, 2013 at 9:30 am to be served on National Union Fire Insurance Company Of Pittsburgh, Pa.,, c/o  Dept Of Insurance, 2910 N 44th St, 2nd Floor, Phoenix, AZ 85018.

I, Chris Estrada Badge No. 7394, being duly sworn, depose and say that on the 18th day of November, 2013 at 3:25 pm:

PERSONALLY:  served by delivering a true copy of the Summons, Complaint, Certificate on Compulsory Arbitration, Check All the date and hour of service endorsed thereon by me to: Amanda Buettner as Administrative Assistant III for Arizona Department of Insurance for National Union Fire Insurance Company Of Pittsburgh, Pa.,, at the address of: 2910 N 44th St, 2nd Floor, Phoenix, AZ 85018,  and informed said person of the contents therein in compliance with state statutes and stating to me at the time of service that he/she is authorized to accept service of process.

I certify that I am over the age of 21, have no interest in the above action, and am a Licensed Process Server, within the county of Maricopa, Arizona, in good standing, and am fully qualified to serve process in this cause.

"I Declare under Penalty of Perjury that the foregoing is true and correct".

Subscribed and Sworn to before me on the _____ day of
_____ 201__ by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

OFFICIAL SEAL
SHARIE L. LEE
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Feb. 16, 2016

_____
Chris Estrada Badge No. 7394
Process Server

HOT SHOT DELIVERY INC.
236 East Pima Street
Suite 106
Phoenix, AZ 85004
(602) 277-4747
Our Job Serial Number: DEK-2013002713
Ref: 11184-0001
Service Fee: $94.25

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5m